UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH ROBINSON

                            Plaintiff,

          v.                                      3:05-CV-0121

UNITED STATES OF AMERICA

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**APPEARANCES:**

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Petitioner moves for relief under 28 U.S.C. § 2255 based on <u>United States v. Booker</u>, — U.S. —, 125 S.Ct. 738 (2005), <u>Blakely v. Washington</u>, — U.S. —, 124 S.Ct. 2531 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and ineffective assistance of counsel for failing to pursue these arguments. For the following reasons, Petitioner's motion is DENIED.

<u>Booker</u> and <u>Blakely</u> do not apply retroactively to matters on collateral review, thereby precluding relief in this instance. <u>See</u> <u>Green v. United States</u>, --- F.3d ---, 2005 WL 237204 (2d Cir. 2005) (holding that neither <u>Blakely</u> nor <u>Booker</u> apply retroactively). Petitioner's reliance on these cases, therefore, affords him no relief.

Petitioner's reliance on <u>Apprendi</u> is also mistaken. <u>Apprendi</u> held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." 533 U.S. at 490. Here, in Petitioner's plea agreement, Petitioner

admitted to 50 or more grams of a mixture or substance containing a detectable amount of methamphetamine.  See Blakely, 124 S.Ct. at 2537 ("the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose on the basis of facts reflected in the jury verdict *or admitted by the defendant*" [emphasis added]).  This places Petitioner's statutory liability under 21 U.S.C. § 841(a)(1)(B), which sets a maximum penalty of 40 years imprisonment.   Petitioner's term of imprisonment, 30 months (2.5 years), falls well below the statutory maximum.  Apprendi is therefore inapplicable to the present case.

Petitioner's claim that counsel's failure to raise these arguments constitutes ineffective assistance of counsel is also meritless.  Because petitioner's Apprendi argument fails substantively, counsel's decision not to pursue the argument cannot have been objectively unreasonable.  Strickland v. Washington, 466 U.S. 668, 689-90 (1984). Petitioner's claim regarding counsel's failure to raise Booker/Blakely objections is also meritless.  Because those cases were not decided at the time of petitioner's sentencing and appeal, and counsel could not have predicted the outcome in those cases, it could not have been objectively unreasonable for counsel to fail to object.  See id. at 689.

For the foregoing reasons, Petitioner's motion is DENIED.

IT IS SO ORDERED.

Dated: April 18, 2005

Thomas J. McAvoy
Senior, U.S. District Judge

- 2 -